IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>1. ELI LILLY AND COMPANY,<br>2. AFLAC, INC.,<br>3. ALLSCRIPTS HEALTHCARE<br>  SOLUTIONS, INC.,<br>4. VERACITY SOLUTIONS, INC.,<br>5. VOLKSWAGEN GROUP OF<br>  AMERICA, INC.,<br>6. INFOSYS TECHNOLOGIES, LTD.,<br>7. HITACHI CONSULTING<br>  CORPORATION,<br>8. IRON MOUNTAIN, INC.,<br>9. NEWELL RUBBERMAID, INC., and<br>10. WALGREEN COMPANY,<br><br>     Defendants. | Civil No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement, Plaintiff, DataTern, Inc. complains of Defendants Eli Lilly and Company, Aflac, Inc., Allscripts Healthcare Solutions, Inc., Veracity Solutions, Inc., Volkswagen Group of America, Inc., Infosys Technologies Ltd., Hitachi Consulting Corporation, Iron Mountain, Inc., Newell Rubbermaid, Inc., and Walgreen Company (collectively the "Defendants") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2.      Plaintiff DataTern, Inc. ("DataTern") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this district.

3.      On information and belief, Defendant Eli Lilly and Company ("Eli Lilly") is an Indiana corporation with its principal place of business at Lilly Corporate Center, Indianapolis, IN 46285. Eli Lilly is authorized to do business in the State of Texas and has appointed National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, TX 77062 as its agent for service of process.

4.      On information and belief, Defendant Aflac, Inc. ("Aflac") is a Georgia corporation with its principal place of business at 1932 Wynnton Road, Columbus, GA 31999. Aflac has appointed Joey M. Loudermilk at 1932 Wynnton Road, Columbus, GA 31999 as its agent for service of process.

5.      On information and belief, Defendant Allscripts Healthcare Solutions, Inc. (f/k/a/ Allscripts-Misys Healthcare Solutions, Inc.) ("Allscripts") is a Delaware corporation with its principal place of business at 222 Merchandise Mart Plaza, Suite 2024, Chicago, IL 60654. Allscripts has appointed The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

6.      On information and belief, Defendant Veracity Solutions, Inc. ("Veracity") is a Utah corporation with its principal place of business at 4038 Parkview Drive, Salt Lake City, UT 84124. Veracity has appointed Galen Murdock at 4038 Parkview Drive, Salt Lake City, UT 84124 as its agent for service of process.

7.      On information and belief, Defendant Volkswagen Group of America, Inc. ("VW") is a New Jersey corporation with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, VA 20171. VW is authorized to do business in the State of Texas and

has appointed CT Corp System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

8.      On information and belief, Defendant Infosys Technologies Ltd. ("Infosys") is a company incorporated under the Companies Act, 1956 of India, with its principal place of business at Electronics City Hosur Road, Bangalore 560 100, India. Infosys has a United States office located at 6100 Tennyson Parkway, Suite 200, Plano, TX 75024. Infosys is authorized to do business in the State of Texas and has appointed CT Corp System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

9.      On information and belief, Defendant Hitachi Consulting Corporation ("Hitachi") is a Delaware corporation with its principal place of business at 2001 Bryan Street, Suite 3600, Dallas, TX 75201. Hitachi is authorized to do business in the State of Texas and has appointed CT Corp System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

10.     On information and belief, Defendant Iron Mountain, Inc. ("Iron Mountain") is a Delaware corporation with its principal place of business at 745 Atlantic Avenue, Boston, MA 02111. Iron Mountain is authorized to do business in the State of Texas and has appointed Corporation Service Company at 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

11.     On information and belief, Defendant Newell Rubbermaid, Inc. ("Rubbermaid") is a Delaware corporation with its principal place of business at 3 Glenlake Parkway, Atlanta, GA 30328. Rubbermaid is authorized to do business in the State of Texas and has appointed Corporation Service Company at 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

12.     On information and belief, Defendant Walgreen Company ("Walgreens") is a Delaware corporation with its principal place of business at 200 Wilmot Road, Deerfield, IL

60015. Walgreens is authorized to do business in the State of Texas and has appointed Prentice Hall Corp. System at 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district.

15.     On information and belief, Defendant Eli Lilly is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

16.     On information and belief, Defendant Aflac is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

17.     On information and belief, Defendant Allscripts is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

18.      On information and belief, Defendant Veracity is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

19.      On information and belief, Defendant VW is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

20.      On information and belief, Defendant Infosys is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

21.      On information and belief, Defendant Hitachi is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

22.     On information and belief, Defendant Iron Mountain is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

23.     On information and belief, Defendant Rubbermaid is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

24.     On information and belief, Defendant Walgreens is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

25.     Plaintiff is the owner by assignment of United States Patent No. 5,937,402 entitled "System for Enabling Access to a Relational Database from an Object Oriented

Program" (the "'402 Patent"). The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

26.     Upon information and belief, Defendant Eli Lilly has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Eli Lilly is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

27.     Upon information and belief, Defendant Aflac has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Aflac is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

28.     Upon information and belief, Defendant Allscripts has been and now is directly infringing the '402 Patent in the United States, at least through its partnership with Veracity, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Allscripts is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

29.     Upon information and belief, Defendant Veracity has been and now is directly infringing the '402 Patent in the United States, at least through its partnership with Allscripts, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more

claims of the '402 Patent to the injury of DataTern. Defendant Veracity is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendant VW has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant VW is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant Infosys has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Infosys is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendant Hitachi has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hitachi is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

33.     Upon information and belief, Defendant Iron Mountain has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent

to the injury of DataTern. Defendant Iron Mountain is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendant Rubbermaid has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Rubbermaid is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant Walgreens has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Walgreens is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

36.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied with any such requirements.

37.     To the extent that facts learned in discovery show that Defendants' infringement of the '402 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

38.     As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

39.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 6,101,502

40.     Plaintiff is the owner by assignment of United States Patent No. 6,101,502 entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software" (the "'502 Patent"). The '502 Patent issued on August 8, 2000. A true and correct copy of the '502 Patent is attached as Exhibit B.

41.     Upon information and belief, Defendant Eli Lilly has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Eli Lilly is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant Aflac has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Aflac is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

43.     Upon information and belief, Defendant Allscripts has been and now is directly infringing the '502 Patent in the United States, at least through its partnership with Veracity, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Allscripts is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

44.     Upon information and belief, Defendant Veracity has been and now is directly infringing the '502 Patent in the United States, at least through its partnership with Allscripts, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Veracity is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant VW has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant VW is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Infosys has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Infosys is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

47.     Upon information and belief, Defendant Hitachi has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Hitachi is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Iron Mountain has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Iron Mountain is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Rubbermaid has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Rubbermaid is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendant Walgreens has been and now is directly infringing the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern.   Defendant Walgreens is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

51.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '502 Patent complied with any such requirements.

52.     To the extent that facts learned in discover show that Defendants' infringement of the '502 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

53.     As a result of these Defendants' infringement of the '502 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

54.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '502 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DataTern, Inc. respectfully requests that this Court enter judgment against each Defendant and each Defendant's subsidiaries, affiliates, and all persons in active concert or participation with them as follows:

A.     A judgment in favor of Plaintiff that Defendants have infringed the '402 and '502 Patents;

B.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 and '502 Patents;

C.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 and '502 Patents as provided under 35 U.S.C. § 284;

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

E.     Any and all other relief to which Plaintiff is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: October 7, 2010


Respectfully submitted,

/s/ David P. Henry
David P. Henry (david@stevenslove.com)
Texas State Bar No. 24027015
Jason A. Holt (jason@stevenslove.com)
Texas State Bar No. 24041122
Matthew M. Hill (matt@stevenslove.com)
Texas State Bar No. 24041101
STEVENS, LOVE, HILL & HOLT, PLLC
111 West Tyler Street
Longview, TX 75601
Telephone:  (903) 753-6760
Fax: (903) 753-6761

Of Counsel:

Timothy J. Haller (haller@nshn.com)
Illinois State Bar No. 3125265
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Fax: (312) 236-3137

***Attorneys for Plaintiff, DataTern, Inc.***