IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC.,<br><br>        Plaintiff,<br> v.<br><br>1. ELI LILLY AND COMPANY,<br>2. AFLAC, INC.,<br>3. ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.,<br>4. VOLKSWAGEN GROUP OF AMERICA, INC.,<br>5. IRON MOUNTAIN, INC.,<br>6. WALGREEN COMPANY,<br>7. AT&T, INC.,<br>8. VERIZON COMMUNICATIONS, INC., and<br>9. THOMSON REUTERS CORPORATION,<br><br>        Defendants. | Civil No. 2:10-CV-00413<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, DataTern, Inc. ("DataTern") hereby files this First Amended Complaint for Patent Infringement pursuant to Federal Rule of Civil Procedure 15(a). In this action for patent infringement, DataTern complains of Defendants Eli Lilly and Company ("Eli Lilly"), Aflac, Inc. ("Aflac"), Allscripts Healthcare Solutions, Inc. ("Allscripts"), Volkswagen Group of America, Inc. ("VW"), Iron Mountain, Inc. ("Iron Mountain"), Walgreen Company ("Walgreens"), AT&T, Inc. ("AT&T"), Verizon Communications, Inc. ("Verizon"), and Thomson Reuters Corporation ("Thomson Reuters") (collectively, the "Defendants") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2. Plaintiff DataTern, Inc. ("DataTern") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this district.

3. On information and belief, Defendant Eli Lilly is an Indiana corporation with its principal place of business at Lilly Corporate Center, Indianapolis, IN 46285. Eli Lilly is authorized to do business in the State of Texas and has appointed National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, TX 77062 as its agent for service of process.

4. On information and belief, Defendant Aflac is a Georgia corporation with its principal place of business at 1932 Wynnton Road, Columbus, GA 31999.

5. On information and belief, Defendant Allscripts (f/k/a/ Allscripts-Misys Healthcare Solutions, Inc.) is a Delaware corporation with its principal place of business at 222 Merchandise Mart Plaza, Suite 2024, Chicago, IL 60654.

6. On information and belief, Defendant VW is a New Jersey corporation with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, VA 20171. VW is authorized to do business in the State of Texas and has appointed CT Corp System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

7. On information and belief, Defendant Iron Mountain is a Delaware corporation with its principal place of business at 745 Atlantic Avenue, Boston, MA 02111. Iron Mountain is authorized to do business in the State of Texas and has appointed Corporation Service Company at 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

8. On information and belief, Defendant Walgreens is a Delaware corporation with its principal place of business at 200 Wilmot Road, Deerfield, IL 60015. Walgreens is authorized to do business in the State of Texas and has appointed Prentice Hall Corp. System at 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

9. On information and belief, Defendant AT&T is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, TX 75202. AT&T is authorized to do business in the State of Texas and has appointed CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

10. On information and belief, Defendant Verizon is a Delaware corporation with its principal place of business at 140 West Street, 29th Floor, New York, NY 10007. Verizon subsidiaries and affiliates, including GTE Southwest Incorporated and Verizon Data Services LLC, are authorized to do business in the State of Texas. GTE Southwest Incorporated has appointed CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.

11. On information and belief, Defendant Thomson Reuters is a corporation formed in Ontario, Canada with its principal place of business at 3 Times Square, New York, NY 10036. Several divisions of Thomson Reuters are authorized to do business in the State of Texas, including Thomson Reuters Healthcare, Inc., Thomson Reuters Applications, Inc., Thomson Reuters Markets LLC, and Thomson Reuters Holdings, Inc. The Markets and Holdings divisions of Thomson Reuters has appointed Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, TX 78701 as their agent for service of process. Thomson Reuters subsidiary, West Publishing Corporation (a Minnesota Corporation), is authorized to do business in the State of Texas and has appointed Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district.

14. On information and belief, Defendant Eli Lilly is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Eli Lilly maintains an office at 1520 Byron Nelson Parkway, Southlake, TX 76092.

15. On information and belief, Defendant Aflac is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Aflac employs agents throughout the State of Texas including Plano, Texas.

16. On information and belief, Defendant Allscripts is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Texas and in this Judicial District. For example, on information and belief, the Tyler, Texas-based Regional Health Information Organization deployed Allscripts's solutions to several physicians in numerous medical clinics.

17. On information and belief, Defendant VW is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, VW maintains an office at 610 S. Exit 29, Houston, TX 77029.

18. On information and belief, Defendant Iron Mountain is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Iron Mountain employs workers throughout the State of Texas, including Carrollton, Irving, Austin, El Paso, and Dallas.

19. On information and belief, Defendant Walgreens is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Walgreens currently has four retail stores open in Tyler, Texas alone.

20. On information and belief, Defendant AT&T is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, AT&T's principal place of business is Dallas, TX.

21. On information and belief, Defendant Verizon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Verizon serves more than 3 million accounts in the State of Texas, has 372 buildings or locations in Texas, employs 13,801 workers in Texas, and pays roughly $130 million annually in Texas state taxes.

22. On information and belief, Defendant Thomson Reuters is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. For example, Thomson Reuters maintains offices in Forth Worth, Carrollton, and Austin, Texas.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

23. Plaintiff is the owner by assignment of United States Patent No. 5,937,402 entitled "System for Enabling Access to a Relational Database from an Object Oriented Program" (the "'402 Patent"). The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

24. On information and belief, Defendant Eli Lilly has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Eli Lilly is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendant Aflac has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Aflac is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Defendant Allscripts has been and now is directly infringing one or more method claims of the '402 Patent in the United States by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Allscripts is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

27.     On information and belief, Defendant VW has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant VW is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

28.     On information and belief, Defendant Iron Mountain has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Iron Mountain is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Defendant Walgreens has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Walgreens is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Defendant AT&T has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant AT&T is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

31.     On information and belief, Defendant Verizon has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Verizon is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, Defendant Thomson Reuters has been and now is directly infringing one or more method claims of the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Thomson Reuters is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

33.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied with any such requirements.

34.     To the extent that facts learned in discovery show that Defendants' infringement of the '402 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

35.     As a result of Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

36.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 6,101,502

37.     Plaintiff is the owner by assignment of United States Patent No. 6,101,502 entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software" (the "'502 Patent"). The '502 Patent issued on August 8, 2000. A true and correct copy of the '502 Patent is attached as Exhibit B.

38.     On information and belief, Defendant Eli Lilly has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Eli Lilly is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

39.     On information and belief, Defendant Aflac has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Aflac is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

40.     On information and belief, Defendant Allscripts has been and now is directly infringing one or more method claims of the '502 Patent in the United States by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Allscripts is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

41. On information and belief, Defendant VW has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant VW is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

42. On information and belief, Defendant Iron Mountain has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Iron Mountain is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

43. On information and belief, Defendant Walgreens has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Walgreens is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

44. On information and belief, Defendant AT&T has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant AT&T is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

45. On information and belief, Defendant Verizon has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Verizon is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

46. On information and belief, Defendant Thomson Reuters has been and now is directly infringing one or more method claims of the '502 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems which interface with a relational database through the use of methods covered by one or more claims of the '502 Patent to the injury of DataTern. Defendant Thomson Reuters is thus liable for infringement of the '502 patent pursuant to 35 U.S.C. § 271.

55. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '502 Patent complied with any such requirements.

56. To the extent that facts learned in discover show that Defendants' infringement of the '502 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

57. As a result of Defendants' infringement of the '502 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

58. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '502 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DataTern, Inc. respectfully requests that this Court enter judgment against each Defendant and each Defendant's subsidiaries, affiliates, and all persons in active concert or participation with them as follows:

A. A judgment in favor of Plaintiff that Defendants have infringed the '402 and '502 Patents;

B. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 and '502 Patents;

C. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 and '502 Patents as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

E. Any and all other relief to which Plaintiff is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

## **JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 28, 2011

Respectfully submitted,

    /s/ Gregory P. Casimer
Timothy J. Haller (haller@nshn.com)
Illinois State Bar No. 3125265
Gregory P.Casimer (casimer@nshn.com)
Illinois State Bar No. 6257750
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Fax: (312) 236-3137

David P. Henry (david@stevenslove.com)
Jason A. Holt (jason@stevenslove.com)
Matthew M. Hill (matt@stevenslove.com)
STEVENS, LOVE, HILL & HOLT, PLLC
111 West Tyler Street
Longview, TX 75601
Telephone: (903) 753-6760
Fax: (903) 753-6761
***Attorneys for Plaintiff, DataTern, Inc.***